UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 09-864 (JLL) |
| v. | : | |
| DENNIS ELWELL and RONALD MANZO | : | <u>ORDER</u> |

This matter having come before the Court upon the motions of defendant Dennis Elwell (Thomas Cammarata and Jeffrey Garrigan, Esqs., appearing) and defendant Ronald Manzo (Samuel De Luca and George Taite, Esqs., appearing), seeking to join in certain motions made by other defendants in other Bid Rig-related matters pending before the Court; and the Court having considered the motions and correspondence submitted by defendants and the responses of the United States (Assistant U.S. Attorney, Maureen Nakly, appearing); and the Court having heard the positions of the parties at a status conference held on December 15, 2010; and for good cause shown, the Court hereby makes the following findings:

WHEREAS, on October 22, 2010, defendants filed motions in limine seeking, among other things, to join in any and all motions filed by other defendants in other Bid Rig-related matters;

WHEREAS, on November 12, 2010, the United States filed its response to defendants' motions in limine, in which it objected to defendants' request to join the motions of other defendants in other matters;

WHEREAS, on December 1, 2010, the Court ordered defendants to "provide a written submission to the Court and opposing counsel specifically identifying each motion that they intend to join";

WHEREAS, on December 10, 2010, defendant Elwell provided a written submission to the Court and opposing counsel, specifically identifying each motion defendant intended to join, including the following:

1. Point Two of defendant Beldini's brief in support of her Motion in Limine filed on January 5, 2010, in United States v. Leona Beldini, requesting "An Evidentiary Hearing Relevant to the Grand Jury Presentation in this Case" (Crim. No. 09-637 (JLL), Docket # 46);

2. Paragraph A of defendant Beldini's brief in support of her Motion for a Judgment of Acquittal filed on March 19, 2010, in United States v. Leona Beldini, arguing that "The Federal Bribery Statute Does not Apply To The Evidence in This Case" (Crim. No. 09-637 (JLL), Docket # 76 and # 91);

3. Point I of defendant Suarez's brief in support of his Motion in Limine filed on September 21, 2010, in United States v. Anthony Suarez and Vincent Tabbachino, arguing that "Neither Solomon Dwek Nor Any Other Government Witness Can Opinion on a Defendant's Guilt or on the Controlling Law" (Crim. No. 09-932, docket # 36);

4. Point II of defendant Suarez's brief in support of his Motion in Limine filed on September 21, 2010, in Criminal No. 09-932 (JLL), arguing that "The United States is a Party Opponent Subject to Hearsay Exclusions Under FRE 801(d)(2)" (Crim. No. 09-932, docket # 36);

   5. Point III of defendant Suarez's brief in support of his Motion in Limine filed on September 21, 2010, in Criminal No. 09-932 (JLL), arguing that "Defense Counsel Can Impeach the Government's Cooperating Witness as to His Bias and Can Also Use Extrinsic Evidence to Prove Bias" (Crim. No. 09-932, docket # 36);

   6. Point IV of defendant Suarez's brief in support of his Motion in Limine filed on September 21, 2010, in Criminal No. 09-932 (JLL), arguing that "The Government's reference to Judge Linares as Solomon Dwek's Sentencing Judge is Unfairly Prejudicial and Should be Prohibited" (Crim. No. 09-932, docket # 36);

   7. Point V of defendant Suarez's brief in support of his Motion in Limine filed on September 21, 2010, in Criminal No. 09-932 (JLL), arguing that "FRE Requires that the Government Play All Relevant Recordings at the Same Time to Prevent Misleading the Jury. Alternatively, Defense Counsel are Permitted to Introduce Other Portions and Related Tapes During the Trial" (Crim. No. 09-932, docket # 36); and

   8. Point VI of defendant Suarez's brief in support of his Motion in Limine filed on September 21, 2010, in Criminal No. 09-932 (JLL), arguing that "The Government's Failure to Preserve Relevant Electronic Communications Requires, At a Minimum, an Adverse Inference Instruction"(Crim. No. 09-932, docket # 36);

   WHEREAS, on or about December 10, 2010, defendant Ronald Manzo provided a written submission to the Court and opposing counsel, seeking to join in the request made in defendant Elwell's December 10, 2010 letter;

WHEREAS, on December 14, 2010, the United States submitted a written response to defendants' letters, seeking to incorporate in this matter its respective responses to the above-listed motions made by other defendants in the other matters, including:

1. The January 6, 2010, response of the United States to Point Two of Leona Beldini's brief in support of her Motions in Limine (Crim. No. 09-637 (JLL), docket # 47);

2. The April 19, 2010, and May 21, 2010, responses of the United States to Paragraph A of Beldini's brief in support of her Motion for a Judgment of Acquittal (Crim. No. 09-637, docket # 89 and # 92); and

3. The September 28, 2010, response of the United States to defendant Suarez's Motions in Limine, specifically, response numbers 1 through 6 (Crim. No. 09-932 (JLL), docket # 43);

WHEREFORE, on this 23 day of December, 2010, IT IS HEREBY:

ORDERED that defendants Elwell and Manzo may join in the above-listed motions made in other matters by other defendants; and it is further

ORDERED that the United States may incorporate in this matter the above-listed responses to the other motions made in other matters by other defendants; and it is further

ORDERED that defendants' request for grand jury transcripts is DENIED to the extent that defendants seek information related to legal instructions given to the grand jury, and GRANTED to the extent that defendants seek any Jencks material. The Government shall provide to defendant any grand jury material required to be produced under Brady, Giglio, or Jencks; and it is further

ORDERED that defendants' motion to dismiss Count 3 of the Indictment on the basis that the Federal bribery statute does not apply to the evidence in this case (Paragraph A of Beldini's Brief, Crim. No. 09-637 (JLL), Docket # 76 and # 91) is DENIED; and it is further

ORDERED that defendants' motion to preclude all government witnesses from opining on defendants' guilt or innocence, or on the controlling law, is GRANTED; and it is further

ORDERED that the Court RESERVES judgment on defendants' motion to classify the Government as a party-opponent for purposes of Fed. R. Evid. 801(d)(2); and it is further

ORDERED that defendants' motion to introduce extrinsic evidence of bias is GRANTED; and it is further

ORDERED that defendants' motion regarding references to the undersigned as the sentencing judge is GRANTED in part and DENIED in part; and it is further

ORDERED that the Court RESERVES judgment on defendants' motion regarding the admission of additional portions of recordings pursuant to Fed. R. Evid. 106; and it is further

ORDERED that the Court RESERVES judgment on defendants' motion regarding the spoliation of certain electronic communications.

_____
HON. JOSE L. LINARES
United States District Judge