**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS ELWELL,<br><br>Defendant. | Criminal Action No.: 09-864 (JLL)<br><br>**ORDER** |

Currently before this Court are Motions by the Defendant to (1) dismiss all extortion counts in the Indictment for failure to charge a crime, (2) dismiss the Federal Program Bribery Charge under 18 U.S.C. § 666 for failure to charge a crime, (3) dismiss the entire Indictment based on the Government's outrageous conduct, (4) conduct a James hearing, (5) permit the cross-examination of government witnesses regarding their efforts to "set-up" Defendant, (6) preclude Government witnesses from characterizing the payment to Ronald Manzo as a "bribe", (7) permit the Defendant to impeach any non-testifying co-conspirators with prior inconsistent statements or conduct or extrinsic evidence, and (8) permit the Defendant to introduce additional tapes and/or portions thereof during both cross-examination and the Defendant's case.  The Court held oral argument on June 9, 2011 and now rules as follows:

1.   Motion to Dismiss Counts 1 and 2:

> Counts One and Two of the Indictment charge  Defendant with conspiracy and an attempt to commit extortion under the color of official right in violation of 18 U.S.C. Section 1951(a) and Section 2.  Defendant moves to dismiss said counts under Rule 12(b)(3) of the Federal Rule of Criminal Procedure for failure to

charge a crime.

An indictment is deemed "sufficient so long as it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." United States v. Kemp, 500 F.3d 257, 280 (3d Cir.2007) (internal quotations omitted). "Moreover, no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." Id. In evaluating the sufficiency of an indictment, allegations in the indictment are assumed to be true, United States v. Besmajian, 910 F.2d 1153, 1154 (3d Cir.1990), and a court is to use "a common sense construction" of the charges, United States v. Hodge, 211 F.3d 74, 76 (3d Cir.2000).

Here, the Indictment alleges numerous facts to support a reasonable conclusion that the cooperating witness offered corrupt payments "in exchange for defendant Elwell's official assistance, action, and influence." (Cts. 1 & 2, ¶ 2.) The Court thus concludes that Counts One and Two sufficiently allege violations of the Hobbs Act.[1]

2.      Motion to Dismiss Counts 3: Count Three of the Indictment charges Defendant with bribery in violation of 18 U.S.C. Section 666(a)(1)(B) and Section 2. federal public officials. United States v. Cicco, 938 F.2d 441, 445 (3d Cir. 1991). The Indictment alleges that Defendant was a the mayor of the Town of Secaucus during the relevant time period. (Ct. 1, ¶ 1(A).) The Court thus concludes that the Government has sufficiently alleged that 18 U.S.C. § 666 applies to Defendant.

The statute further requires that "the organization, government, or agency [described in § 666(a)(1)(B)] receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." 18 U.S.C. § 666(b). The Indictment alleges that "at all times relevant to Count Three of this Indictment, the Town of Secaucus received in excess of $10,000 in federal funds during a one-year period." (Ct. 3, ¶ 2.) The Court thus concludes that the Government has sufficiently plead the requirements of 18 U.S.C. § 666(b).

---

[1]Defendant's arguments regarding the necessary proofs to establish either a violation of the Hobbs Act or Section 666 with respect to campaign contributions are premature at this time. Said arguments are dismissed without prejudice to be revisited at the close of evidence.

Accordingly, it is on this 20th day of June, 2011,

**ORDERED** that Defendant's Motion to dismiss Counts 1 through 3 of the Indictment is DENIED for the reasons set forth above; and it is further

**ORDERED** that Defendant's Motion to dismiss the indictment based on outrageous conduct by the Government is DENIED for the reasons set forth by this Court in United States v. Beldini (Criminal Action No. 09-637) and United States v. Manzo (Criminal Action No. 09-759); and it is further

**ORDERED** that Defendant's Motion for the Court to conduct a James hearing is DENIED without prejudice, to be reexamined at trial in the event that the Government fails to produce appropriate foundational evidence to establish the admissibility of any co-conspirator statements it seeks to introduce; and it is further

**ORDERED** that the Court RESERVES its decision regarding Defendant's motion regarding the use of the word "set-up"; and it is further

**ORDERED** that, for the reasons set-forth on the record on June 9, 2011, Defendant's motion to preclude Government witnesses from characterizing the payment to Ronald Manzo as a "bribe" is GRANTED in part; and it is further

**ORDERED** that the Court RESERVES its decision regarding the impeachment of non-testifying co-conspirators with prior inconsistent statements or conduct or extrinsic evidence; and it is further

**ORDERED** that the Court RESERVES its decision regarding the introduction of additional tapes and/or portions thereof during both Defendant's cross-examination of Government witnesses and the Defendant's case.

**IT IS SO ORDERED.**

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE