2009R00922 mn-ek

<table>
<tr><td>

UNITED STATES OF AMERICA

       *Plaintiff,*

v.

DENNIS ELWELL

       *Defendant.*

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Honorable Jose L. Linares

Criminal No. 09-864

CONSENT JUDGMENT AND
PRELIMINARY ORDER OF
FORFEITURE

</td></tr>
</table>

**WHEREAS**, on May 17, 2011, the United States filed a Superseding Indictment, Criminal No. 09-864, against defendant Dennis Elwell charging him with violations of 18 U.S.C. §§ 666 and 1951; and

**WHEREAS**, on July 6, 2011, a jury sitting in the District Court of New Jersey found the defendant Dennis Elwell guilty of Count 3 of the Superseding Indictment which charged him with acceptance of a corrupt payment in violation of 18 U.S.C. § 666; and

**WHEREAS,** on July 6, 2011, the defendant Dennis Elwell waived his right to have the forfeiture allegation contained in the Superseding Indictment heard and decided by the jury; and

**WHEREAS**, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense in violation of 18 U.S.C. § 666 shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense; and

**WHEREAS**, by virtue of the above, the United States is now entitled to possession of $10,000 in United States currency that was entered into evidence at trial in the above-captioned matter (hereinafter the " Forfeitable Property"); and

**WHEREAS** defendant Dennis Elwell acknowledges that the Forfeitable Property was involved in an offense in violation of 18 U.S.C. § 666, as set forth in the Superseding Indictment, and that the Forfeitable Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)( c), 28 U.S.C. § 2461(c); and

**WHEREAS** defendant Dennis Elwell agreed to forfeit the Forfeitable Property, waives all interests in and claims to the Forfeitable Property, and hereby consents to the forfeiture of the Forfeitable Property to the United States; and

**WHEREAS** defendant Dennis Elwell:

(1) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Forfeitable Property;

(2) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in his presence at sentencing, and incorporation of the forfeiture in the Judgment;

(3) Acknowledges that he understands that forfeiture of the Forfeitable Property will be part of the sentence imposed upon him in this case;

(4) Will, pursuant to Rule 32.2(b)(3), promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so;

(5) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Forfeitable Property described above;

(6) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment;

(7) Agrees to cooperate in resolving third-party claims in favor of the United States,

and for good and sufficient cause shown;

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT** the herein described asset, namely: $10,000 in United States currency, is hereby forfeited to the United States of America pursuant to the provisions 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

**THAT**, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on

the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(2), any person, other than defendant Dennis Elwell, asserting a legal interest in any of the above-listed property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT**, the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Forfeitable Property, as a substitute for published notice as to those persons so notified; and

**THAT**, the aforementioned Forfeitable Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Forfeitable Property by the United States; and

**THAT**, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

**ORDERED** this ___3rd___ day of ___Aug___, 2011.

_____
Honorable JOSE L. LINARES
United States District Judge

The undersigned hereby consent to the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

_____   Dated: 7/25/11
By: MAUREEN NAKLY
Assistant United States Attorney

_____   Dated: 7/18/2011
THOMAS CAMMARATA, ESQ.
JEFFREY GARRIGAN, ESQ.
Attorneys for Defendant Dennis Elwell

_____   Dated: 7/22/2011
Defendant Dennis Elwell