NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS ELWELL, <br><br> Defendant. | Criminal Action No.: 09-864 (JLL) <br><br> **OPINION and ORDER** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Dennis Elwell's motion pursuant to 18 U.S.C. § 3143(b) to stay the commencement of his sentence during the pendency of his appeal from the final Judgment of Conviction. The Court has considered the submissions made by Defendant Elwell and the United States (the "Government") in support of and in opposition to the instant motion. Based on the reasons that follow, Defendant's motion is DENIED.

BACKGROUND

As the Court writes only for the parties, the underlying facts will not be repeated in detail except where necessary to provide context for the instant motion. On July 23, 2009, Defendant Elwell was arrested for violating 18 U.S.C. §§ 1951(a) and 2 for knowingly and willfully conspiring to "obstruct, delay, and affect interstate commerce by extortion under color of official

1

right, by accepting and agreeing to accept corrupt payments that were paid and to be paid by another, with that person's consent, in exchange for defendant Dennis Elwell's official assistance in Secaucus Government matters." (Compl. at 1). A federal grand jury returned a three-count indictment on November 17, 2009 and a superceding indictment on May 17, 2011, which charged as follows: Count I, conspiracy to commit extortion under color of official right in violation of 18 U.S.C. § 1951(a); Count II, attempted extortion under color of official right in violation of 18 U.S.C. §§ 1951(a) and 2; and Count III, acceptance of a corrupt payment in violation of 18 U.S.C. §§ 666(a)(1)(B) and 2. Following trial, on July 6, 2011, the jury returned a verdict of guilty as to Count III and not guilty on Counts I and II.

Defendant Elwell subsequently moved for a judgment of acquittal or new trial pursuant to Federal Rules of Criminal Procedure 29(c)(2) and 33(a), respectively. In its previous Opinion, the Court summarized the arguments made by Defendant Elwell in connection with those motions as follows: "[Defendant argues that] the evidence at trial was insufficient to support a guilty verdict for the Count 3, that Defendant accepted something of value in exchange for official action or inaction or for his ability to exert official influence over others. Defendant alternatively argues that the interest of justice requires a new trial based on the following: (1) the Government's introduction of Defendant's bad character by association and the Government's linking of Defendant to other corrupt Hudson County politicians; (2) wrongful use of Fed. R. Evid. 404(b) evidence; (3) Government statements to the jury regarding Defendant and his attorney." (CM/ECF No. 114, 2). Defendant additionally made arguments as to the cumulative impact of the Government's conduct. Id. The Court held oral argument on September 19, 2011 and ultimately denied Defendant's post-conviction motions. (CM/ECF Nos. 114).

2

Subsequently, this Court sentenced Defendant Elwell on April 12, 2012 and Defendant appealed. (CM/ECF Nos. 118, 119). On May 11, 2012, Defendant made the instant motion to stay the commencement of his sentence pending appeal, which the Government opposes. (CM/ECF No. 129, 132).

## LEGAL STANDARD

Section 3143 of Title 18 of the United States Code contains a presumption in favor of post-conviction detention during the pendency of appeal. United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985); 18 U.S.C. § 3143(b). "In order for a convicted defendant to obtain bail pending appeal pursuant to 18 U.S.C. § 3143(b), the defendant has the burden of establishing (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Messerlian, 793 F.2d 94, 95-96 (3d Cir. 1986) (quoting Miller, 753 at 23).[1]

As explained by the Third Circuit, the proper inquiry is as follows: "[A]fter first making

---

[1] Section 3143 provides, in relevant part, as follows: "the judicial officer shall order a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or petition for a writ of certiorari, be detained, unless the judicial officer finds – (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (I) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b).

3

the findings as to flight, danger, and delay, a court must determine that the question raised on appeal is a 'substantial' one, i.e. it must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." Miller, 753 F.2d at 23. After concluding that an appeal meets the "substantial" test, the court "must determine whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial." Miller, 753 F.2d at 23.

A "substantial question" requires more than simply not being frivolous. Miller, 753 F.2d at 23 (noting the requirements before enactment of the Bail Reform Act of 1984). Rather, Defendant must establish "that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." Miller, 753 F.2d at 23. This analysis, however, does not involve a prediction as to the likelihood of reversal or an order for a new trial. Miller, 753 F.2d at 23 ("The federal courts are not to be put in the position of 'bookmakers' who trade on the probability of ultimate outcome."). Rather, in order to be "substantial," a question must be "fairly debatable" or "fairly doubtful." United States v. Smith, 793 F.2d 85, 89-90 (3d Cir. 1986). Accordingly, "[a] court may find that reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." Miller, 753 F.2d at 23. Finally, "[a] question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved." Miller, 753 F.2d at 23.

4

## DISCUSSION

As to the first and second elements, Defendant provides: "It is not believed that there will be any claim that Defendant is either a threat to flee or poses a danger to any person. Thus subsection (A) of § 3143 is satisfied. Likewise, it could not reasonably be asserted that Defendant's appeal is for purpose of delay or that the success thereof would not necessitate a new trial." (Def. Br., 8). The Court notes that it is not the Government's burden to establish the above; rather, Defendant must do so and the Court must find that Defendant is not a threat to flee nor a danger to any person by clear and convincing evidence. 18 U.S.C. § 3143(b) (a sentenced defendant shall be detained despite the filing of an appeal "unless the judicial officer finds – (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."). In the case at bar, however, the Government does not argue otherwise in its Opposition.

Accordingly, the Court turns to the issue of whether or not the appeal will raise a "substantial question of law or fact." As discussed above, the burden is on defendant "to demonstrate 'that the appeal raises a substantial questions of law or fact' and 'that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." Smith, 793 F.2d at 88 (quoting Miller, 753 F.2d at 24); Messerlian, 793 F.2d at 96.

Defendant submits that the following pose substantial questions: (1) the evidence admitted under Federal Rule of Evidence 404(b) that Defendant allegedly violated the terms of his bail order to contact his former secretary, Madeline Michael (hereafter "404(b) Evidence");

5

(2) the Government's comments relating to collusion with defense counsel (hereafter "Collusion Comments"); (3) the Government's references to Hudson County officials (hereafter "Hudson County Evidence"); (4) the cumulative impact of the foregoing in light of the fact that Defendant's character and honesty was "the linchpin issue of the trial." (Def. Br., 10-11). Notably, the Court reiterates that these are the precise issues raised by Defendant in his post-conviction motions and the Court will not set forth its reasoning for rejecting such arguments at length as it has already done so; rather, the focus of the Opinion herein is whether such issues raise a substantial question warranting Defendant's requested relief under 18 U.S.C. § 3143(b).

The Court notes at the outset that Defendant does not cite any authority in support of the proposition that the Hudson County Evidence and Collusion Comments raise a substantial question or that either is likely to result in reversal or a new trial. In addition to mentioning the fact that Defendant cites no authority, the Government argues in its response that Defendant does not specifically indicate the basis on which he would be entitled to a new trial, particularly in light of the fact that "the Court assessed these claims in the context of the entirety of the trial record" and an entire summation. (Gov. Opp'n., 5, 7-8). Rather, Defendant merely recounts the facts and circumstances from the trial and describes the arguments made in his post-conviction motions.[2] Accordingly, the Court finds that Defendant does not establish that these issues involve substantial questions or that they are likely to result in reversal or a new trial.

---

[2] While Defendant incorporates in reference his brief in connection with the previous post-conviction motions, the questions presented there did not revolve around whether an issue was "substantial" and Defendant does not cite to authority to demonstrate as such in the instant motion.

6

Regarding the 404(b) Evidence, Defendant argues that the Government purposefully misused the evidence to show that Defendant possessed the bad character trait of dishonesty, which "created an unequal playing field and impeded Defendant's right to a fair trial." (Def. Br., 12,14). Defendant points to the post-trial arguments by the Government that such was permissible under Federal Rule of Evidence 608(b) and submits as follows:

> It is indisputable that the Government failed to advise or seek permission from the Court and waited until its rebuttal summation to argue the Michael's [sic] event was demonstrative of Defendant's character trait of untruthfulness . The Government's action prohibited the Court from acting in its role as gatekeeper. Defendant was thus subjected to both the 404(b) jury instructed [sic] as to consciousness of guilt and the unsanctioned attack on his character in rebuttal.

(Def. Br., 12 -13). On this point, Defendant argues that "the cases cited in the Government's post-trial brief do not support its contention that its reference to the character trait of untruthfulness was appropriate" because the court was able to perform the necessary gatekeeping function. (Def. Br., 13). Further, Defendant submits that if the Court "permitted the Government to make inquiry and argument pursuant to 608(b), the Defendant would have been entitled to rebut same with evidence of truthful character pursuant to subsection (1) of [Rule] 608." (Def. Br., 13-14).

The Government responds, in part, by arguing that "[g]iven that the evidence was highly probative and the risk of unfair prejudice was minimal, it cannot be said that the Court's decision to permit inquiry into defendant's violation of bail and to issue a balanced instruction on consciousness of guilt was an abuse of discretion, i.e., arbitrary or irrational." (Gov. Opp'n., 6). Further, the Government argues that "there is no notice requirement under Rule 608(b). Nor is

7

there any law holding that evidence for one purpose may not also be admissible for other purposes." (Gov. Opp'n., 7) (citing United States v. Sullivan, 803 F.2d 87, 91 (3d Cir. 1986) ("The prosecution may ask the jury to draw permissible inferences from anything that appears in the record.").

As to the argument that such was improper during the Government's summation, the Government notes that defense counsel made reference to Defendant's honesty during summation a number of times and that it was therefore appropriate for the government to respond and defense counsel did not contemporaneously object. (Gov. Opp'n., 7). Defendant points to no authority that holds otherwise. Therefore, the Court finds that there is no substantial question as to either the introduction of the 404(b) Evidence or the Government's reference thereto during summation.

As to the cumulative impact of what Defendant characterizes as Government misconduct, he asserts that "there were persistent, orchestrated and improper attacks on Defendant's character and status as a politician. Accordingly, the Cumulative Impact of any combination of the referenced issues on a close split-verdict case render [sic] Defendant's entitlement to a new trial as 'fairly debateable' [sic] and "deserv(ing) of encouragement to proceed further.'" (Def. Br., 14-15) (alteration in original). Defendant cites United States v. Scheur, for the proposition that "this was as close case with extended jury deliberations resulting in a split verdict and conviction on a single count." Id. at 15 (citing United States v. Scheur, 626 F. Supp. 2d 611 (E.D.La 2009)). In that case, the court granted defendant's motion because "the issues related to the indictment present[ed] substantial questions of law for which there is no directly controlling precedent" and

8

that "if the indictment [was] found to be defective or barred by the statute of limitations, the [d]efendants [would] be entitled to a new trial or a judgment of acquittal." In relevant part, the court there found that whether the comments by a prosecutor during summation regarding the fact that defendant did not testify presented a substantial question. The court so found in light of the nature of the jury deliberations, which lasted several days and the jurors sent a number of written notes asking for clarification and expressing difficulty in reaching agreement and ultimately reached a split verdict.

The Government refutes that argument by reiterating this Court's previous finding that where "there is 'no evidentiary or instructional error or prosecutorial misconduct,' as here, 'a cumulative error claim must also fail.'" (Gov. Opp'n., 8). The Government argues that such is particularly the case where, as here, defense counsel did not object to many of "the so-called prejudicial errors, the Court provided curative instructions, or [D]efendant's arguments are not supported by the record." (Id.)[3] Lastly, the Government details the evidence against Defendant and asserts that in light of its weight, an appellate court is likely to find that such would "be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved." (Id. at 8-9) (quoting Miller, 753 F.2d at 23-24).

Notably, Defendant does not establish that any of the grounds for the motion pose a significant question "which is either novel, which has not been decided by controlling precedent," or which is otherwise fairly doubtful. Miller, 753 at 23. Accordingly, the Court

---

[3] The Court notes that defense counsel in Scheur did in fact object, which resulted in a limiting instruction to the jury. 626 F. Supp. 2d at 617.

finds that Defendant has not met his burden of demonstrating a substantial question or that reversal or a new trial is likely with regard to any of the arguments raised or the cumulative effect thereof.

Finally, Defendant asserts that his own "personal characteristics also militate in favor of granting of bail. Defendant is of advanced age, suffers from significant health issues which will likely require him to serve his sentence far from his home and family and he would be compelled to serve a considerable part of his sentence prior to appellate review." (Def. Br., 14). The Government does not address this point. However, while certainly regrettable, the Court notes that these considerations are not included in section 3143 and Defendant does not point to authority which indicates that such would be appropriate or even permissible.

Thus, for the reasons stated herein,

**IT IS** on this 12 day of June, 2012,

**ORDERED** that Defendant's motion pursuant to 18 U.S.C. § 3143 to stay commencement of his sentence pending appeal is hereby DENIED; and it is further

**ORDERED** that Defendant shall commence his sentence on Monday June 18, 2012.

**SO ORDERED.**

Jose L. Linares
United States District Judge

10